**Clifton L. WYNN, Plaintiff,**

v.

**FIELDS, GRANT & COMPANY, a corporation, et al., Defendants.**

**No. C–75–0362 WWS.**

United States District Court,
N. D. California,
Civil Division.

Oct. 19, 1976.

Reed H. Bement, Daniel N. Loeb, Bement & Loeb, San Francisco, Cal., for plaintiff.

John B. Bates, William S. Mailliard, Jr., Richard B. Glickman, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant Dean Witter & Co., Inc.

## MEMORANDUM AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

SCHWARZER, District Judge.

Plaintiff sues Dean Witter & Co. Incorporated, a brokerage firm, alleging that one of its employees recommended that he consult the investment counseling firm of Fields, Grant & Company in connection with his plan to diversify his large holding in Wynn Oil, a family controlled business. Plaintiff claims that he was told that Dean Witter had investigated Fields, Grant and had confidence in it. Relying on those representations, plaintiff then became a client of Fields, Grant. As a result of various investments recommended by Fields, Grant, plaintiff claims to have lost large sums of money. His claims against Fields, Grant and others (except Dean Witter) have heretofore been settled.

Plaintiff proceeds against Dean Witter on the theory that "[b]ut for the recommendation of Fields & Grant by Dean Witter, plaintiff would not have dealt with Fields & Grant and would not have sustained the large losses which resulted." His claim is grounded on Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) ) and Rule 10b–5 promulgated thereunder. Section 10(b) prohibits the use of manipulative and deceptive devices "in connection with the purchase or sale of any security." Rule 10b–5 prohibits fraud, misrepresentation and deceit "in connection with the purchase or sale of any security." [1]

Since *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), it is no longer open to question that Section 10(b) affords a private remedy only for damage suffered as a result of fraud in connection with a purchase or sale of securities. Plaintiff's claim against Dean Witter does not fall into that rubric.

Plaintiff's contention is that his claim is based on Fields, Grant's failure to manage his account properly after it had been turned over to Fields, Grant on the strength of Dean Witter's representation and recommendation. Fields, Grant's mismanagement, plaintiff contends, led to its failure to sell plaintiff's entire holding of Wynn Oil stock in December, 1972, when its market price was at a peak. Had it done so, plaintiff would have realized the full market value of that stock as of December, 1972, and that, indeed, is the damage he seeks from Dean Witter, according to his sworn interrogatory answers, diminished only by certain offsets.[2]

The *Blue Chip* opinion enumerates specifically three classes of plaintiffs which are

---

1. Plaintiff also asserts a pendent state law claim grounded on negligence. This Court's jurisdiction of that claim necessarily stands or falls with the Securities Act claim.

2. The offsets consist principally of the capital gains tax plaintiff would have had to pay had the stock been sold in December 1972, the amount of proceeds from certain loans plaintiff received against collateral of Wynn Oil stock, the amounts received by plaintiff in the settlement of his claim against the other defendants, and the market value of the remaining Wynn Oil stock as of January 1975.

barred by the purchase or sale requirement, one of them being those who "decided not to sell their shares because of [misrepresentation or non-disclosure]." 421 U.S. at 737–738, 95 S.Ct. at 1926. Viewing the case in the light most favorable to plaintiff, he falls squarely within this class.[3]

In granting summary judgment, we are mindful that we are applying a statute which, unlike statutes such as the Sherman Act, does not by its terms create a private cause of action. A private remedy exists under this act only by implication founded on judicial construction. And in *Blue Chip*, the Supreme Court made it abundantly clear that the policy governing that construction favors the disposition of unmeritorious cases by summary judgment:

> "Obviously there is no general legal principle that courts in fashioning substantive law should do so in a manner which makes it easier, rather than more difficult, for a defendant to obtain a summary judgment. But in this type of litigation, where the mere existence of an unresolved lawsuit has settlement value to the plaintiff not only because of the possibility that he may prevail on the merits, an entirely legitimate component of settlement value, but because of the threat of extensive discovery and disruption of normal business activities which may accompany a lawsuit which is groundless in any event, but cannot be proven so before trial, such a factor is not to be totally dismissed." 421 U.S. at 742–743, 95 S.Ct. at 1928.

This statement reflects the view of the Court, discussed at length in the opinion,

that cases brought under Section 10(b) and Rule 10b–5 present a potential for vexatious litigation "different in degree and in kind from that which accompanies litigation in general . . ." (421 U.S. at 739, 95 S.Ct. at 1927)

Plaintiff's generalized complaint about Fields, Grant's "overall course of conduct," from which Dean Witter is said to have profited, does not suffice to meet the *Blue Chip* test. On the contrary, it gives rise to a strong inference that this is precisely the type of vexatious litigation *Blue Chip* intended to bar from the federal courts.

Accordingly, the motion for summary judgment is granted.

IT IS SO ORDERED.

**3.** See, also, the opinion of Judge Hufstedler dissenting from the decision of the Ninth Circuit Court of Appeals in *Blue Chip* which the Supreme Court reversed:

> "The purchaser-seller rule has maintained the balances built into the congressional scheme by permitting damage actions to be brought only by those persons whose *active participation in the marketing transaction* promises enforcement of the statute without undue risk of abuse of the litigation process and without distorting the securities market." 492 F.2d 136, 147 (9th Cir. 1973) (emphasis added).

Inasmuch as plaintiff's claim against Dean Witter is not founded on any marketing transactions, i. e. purchases or sales, cases such as *Superintendent of Insurance v. Bankers Life and Casualty Co.*, 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971) and *Competitive Associates Inc. v. Laventhol, Krekstein, Horwath & Horwath*, 516 F.2d 811 (2nd Cir. 1975), on which plaintiff relies, are not apposite. All of plaintiff's authorities, moreover, predate *Blue Chip* which, in turn, is ignored in plaintiff's memorandum.